**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MERCER GLOBAL ADVISORS INC., | |
| Plaintiff, | |
| v. | |
| UNIFIED INVESTMENT MANAGEMENT, LLC, RYAN MALEC, AND DAVID TRAVIS WEITZ | Civil Action No. 1:25-CV-02523-SDG |
| Defendants. | |

**REQUEST FOR CLARIFICATION OF THE COURT'S
MINUTE ENTRY ORDER (DOC. 34)**

On February 19, 2026, the Court held a Status Conference regarding the discovery plan jointly submitted by the parties in this action. Later that same day, the Court issued a Minute Entry regarding discovery. (Doc. 34). In its Minute Entry, the Court ordered that "discovery issues left outstanding from the previous state court case between the parties would be resolved, in lieu of any additional discovery taken in this case." *Id*. During the Status Conference, counsel for Plaintiff Mercer Global Advisors Inc. ("Mercer") did not intend to foreclose the opportunity to take additional discovery in this case, especially in the event that the Court agrees to compel Defendants to produce the discovery sought by Mercer's state court motions to compel.

Mercer respectfully requests clarification of the Court's Minute Entry. Mercer understood that the Court proposed postponing the start of fact discovery until after it had addressed the parties' unresolved discovery issues. If the Court were to compel Defendants to produce the discovery sought, Mercer expects that it will need to take additional discovery, informed by whatever Defendants are compelled to produce. Accordingly, Mercer respectfully requests that the Court clarify its Minute Entry by, for example, replacing this statement:

> The Court ORDERED that discovery issues left outstanding from the previous state court case between the parties would be resolved, **in lieu of any additional discovery taken in this case**.

with this statement:

> The Court ORDERED that discovery issues left outstanding from the previous state court case between the parties would be resolved, **in lieu of opening fact discovery on March 2, 2026. Fact discovery will, instead, open only after the discovery issues have been resolved by the Court**.

Mercer appreciates the Court's attention to this matter.

Respectfully submitted this 19th day of February 2026.

By: /s/ *Shane Nichols*
A. Shane Nichols
(Georgia Bar No. 542654)

**MCDERMOTT WILL & SCHULTE LLP**
1180 Peachtree Street NE, Suite 3350
Atlanta, Georgia 30309
Tel: 404-260-8553
Fax: 404-393-5260

shanenichols@mcdermottlaw.com

Jodi Benassi
*admitted pro hac vice*
**MCDERMOTT WILL & SCHULTE LLP**
415 Mission Street, Suite 5600
San Francisco, CA 94102
Tel: 628-218-3896
jbenassi@mcdermottlaw.com

*Attorneys for Plaintiff*
*Mercer Global Advisors Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 19, 2026, I electronically filed the foregoing document in the Court's electronic case files ("ECF") system, thereby automatically serving all counsel of record.

February 19, 2026

*s/ Shane Nichols*
A. Shane Nichols
Georgia Bar No. 542654